**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4925**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DELMAR DESHION JACKSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr, Senior District Judge.  (6:17-cr-00073-HMH-1)

Submitted:  June 28, 2019                                    Decided:  July 22, 2019

Before KING and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

David Alan Brown, Sr., Rock Hill, South Carolina, for Appellant.  Sherri A. Lydon, United States Attorney, D. Josev Brewer, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Delmar Deshion Jackson appeals from the 149-month sentence imposed for conspiracy to commit a Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (2012). Jackson raises several challenges to his sentence and ineffective assistance of counsel issues. The Government asserts that the sentencing issues are barred by Jackson's valid appellate waiver in his plea agreement. Jackson also raises ineffective assistance of counsel in failing to file a motion to suppress cell site location data and failing to object to a multicount adjustment to his total offense level. We dismiss the sentencing claims and affirm the remainder of the judgment.

Jackson first argues that his sentence is procedurally unreasonable because it included a multicount adjustment for a conspiracy to commit six robberies and an allegedly insufficiently supported upward variance. The Government raises the appellate waiver in Jackson's plea agreement and contends that it bars Jackson's sentencing claims. This court reviews de novo the validity of an appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). The court generally will enforce an appeal waiver "if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). To be valid, the appeal waiver must be both knowing and intelligent. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). "Although the validity of an appeal waiver often depends on the adequacy of the plea colloquy, the issue ultimately is evaluated by reference to the totality of the circumstances," *United States v. Davis*, 689 F.3d 349, 355 (4th Cir. 2012) (per curiam) (internal quotation marks omitted), such as "the experience and conduct of the accused,

2

as well as the accused's educational background and familiarity with the terms of the plea agreement," *Thornsbury*, 670 F.3d at 537 (internal quotation marks omitted).

In his plea agreement, Jackson waived his right to contest his sentence on appeal. In the waiver, Jackson expressly waived the "right to contest either the conviction or the sentence in any direct appeal or other post-conviction action." (J.A. 57-58). The "waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the defendant's sentence." (J.A. 57-58). Our review of the record does not reveal a reason to question the waiver's validity. In view of the totality of the circumstances, we conclude that the waiver is valid.

Jackson's appeal waiver broadly encompasses his right to appeal both his conviction and sentence. However, appeal waivers do not preclude review of any issue that cannot be waived by law, such as a claim that the sentence exceeded the statutory maximum, that race or other constitutionally impermissible factors influenced the sentence, or that the defendant was denied the right to counsel. *See United States v. Cohen*, 888 F.3d 667, 683 (4th Cir. 2018); *see also Adams*, 814 F.3d at 182 (recognizing that this court will refuse to enforce valid waiver "if doing so would result in a miscarriage of justice"). Jackson's sentencing issues clearly fall within the scope of the waiver. There is no indication that any of the exceptions to the waiver of appellate rights apply to the sentencing claims. Accordingly, we dismiss this portion of the appeal.

Next, Jackson argues that he was denied his right to effective assistance of counsel because counsel did not file a motion to suppress cell site location information obtained without a search warrant. He contends that with a successful motion and the evidence

3

suppressed, he would not have had to plead guilty. He also argues that he was denied effective assistance of counsel when counsel failed to object to a multicount sentencing enhancement.

In *United States v. Galloway*, 749 F.3d 238 (4th Cir. 2014), we observed:

It is well established that a defendant may raise a claim of ineffective assistance of counsel in the first instance on direct appeal if and only if it conclusively appears from the record that counsel did not provide effective assistance. Otherwise, he must raise his claim in the district court by a collateral challenge pursuant to 28 U.S.C. § 2255.

*Id.* at 241 (alterations and internal quotation marks omitted).

To succeed on an ineffective assistance of counsel claim, Jackson must show that: (1) counsel's performance was constitutionally deficient and (2) the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687-88, 691-92 (1984). To satisfy *Strickland*'s performance prong, Jackson must demonstrate that sentencing counsel's representation fell below an objective standard of reasonableness under "prevailing professional norms," overcoming the presumption that counsel's allegedly unreasonable actions "might be considered sound trial strategy." *Id.* at 688-89 (internal quotation marks omitted). Courts may bypass the performance prong and proceed directly to the prejudice prong when it is easier to dispose of the claim for lack of prejudice. *Strickland*, 466 U.S. at 697.

Jackson alleges that counsel was ineffective for failing to file a motion to suppress cell site location information ("CSLI") that the Government received pursuant to a court order under 18 U.S.C. § 2703(d) (2012) of the Stored Communications Act. He claims that counsel should have anticipated the Supreme Court's decision in *Carpenter v. United*

4

*States*, 138 S. Ct. 2206 (2018). Previously, the Stored Communications Act authorized a court to grant the Government access to CSLI upon a showing of "'reasonable grounds' for believing that the records were 'relevant and material to an ongoing investigation.'" *Carpenter*, 138 S. Ct. at 2221 (quoting 18 U.S.C. § 2703(d)). However, in *Carpenter*, the Supreme Court held that, generally, the Government must obtain a warrant before acquiring CSLI. *Id.* Because Jackson's counsel did not have an obligation to anticipate *Carpenter*'s change in the law, counsel's representation was not ineffective related to a potential motion to suppress.

Next, Jackson claims that he received ineffective assistance of counsel when counsel did not object to a multicount adjustment in calculating his total offense level when he pleaded guilty to a Hobbs Act conspiracy. Prejudice during sentencing is established if the defendant shows "a reasonable probability that [he] would have received a different sentence." *Sears v. Upton*, 561 U.S. 945, 956 (2010). Under U.S. Sentencing Guidelines Manual § 3D1.4 (2016), the probation officer calculates the applicable offense level for each robbery charged related to the conspiracy. Under USSG § 1B1.2(d), a "conviction on a count charging a conspiracy to commit more than one offense shall be treated as if the defendant had been convicted on a separate count of conspiracy for each offense that the defendant conspired to commit." Counsel was not ineffective because, even had counsel objected, the sentence was properly calculated. Jackson cannot show on the existing record that the objection would have been successful and that he would have received a different sentence. *See Sears*, 561 U.S. at 956.

Accordingly, we dismiss the sentencing claims as barred by the appellate waiver and affirm the judgment as to the remaining claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*